IN THE NORTHERN JUDICIAL DISTRICT
DISTRICT COURT, TULSA COUNTY, OKLAHOMA
CIVIL DEPARTMENT

JOHN LAWRENCE, )
)
                    Plaintiff, )
)
v. ) Case No. 06-CV-661 CVE-PJC
)
CITY OF BIXBY POLICE DEPARTMENT, )
ANTHONY STEPHENS, CHIEF OF POLICE, )
MICKY WEBB, CITY MANAGER, CITY )
OF BIXBY and MIKE WEBSTER, ASST. )
CITY MANAGER )
                    Defendants

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE AN AMENDED COMPLAINT

**COMES NOW**, Plaintiff, John Lawrence, by and through his attorney of record, Dwain Shaw and pursuant to LCvR.7.2 (H) replies to Defendant's Response to Plaintiff's Motion for Leave to Amend the Complaint to add party defendants and additional claims. In support of his claims, Plaintiff states as follows:

### A.    Plaintiff has a Cognizable Claim for Detrimental Reliance

Defendant relies on *Hinson v. Cameron*, 1987 OK 49, 742 P.2d 549, for the proposition that there is no independent tort of detrimental reliance and that allegations of detrimental reliance are insufficient to state a claim upon which relief may be granted. In *Hinson*, the Plaintiff claimed that the employee manual created an implied contract right that Plaintiff could only be terminated for cause. In the part concurrence and dissent in *Hinson*, Justice Kauger states in dicta "Employers may be accountable for the promises they make, and the policies they adopt, when those promises and policies induce employee reliance or form part of a contract. This is a delicate and evolving area; therefore, the process of judicial interpretation must be sensitive, yet realistic. It must distinguish between carefully developed employer representations upon which an employee may justifiably rely,

and general platitudes, vague assurances, praise, and indefinite promises of permanent continued employment. If employers have offered assurances upon which employees may justifiably rely, the employee may have a basis for recovering damages without regard to the characterization of the claim under classical contract or tort theories. *Id at 560.*

The second case relied on by Defendant is *Hayes v. Eateries Inc.*, 1995 OK 108, 905 P.2d 778. *Hayes* involved the issue of a Plaintiff's detrimental reliance on an implied contract based on oral assurances from the employer for an indefinite period of employment. In the aforementioned cases, the Court determined that the vague oral assurances in *Hayes* and the indefinite language in the employee manual in *Hinson* were insufficient to establish an implied contract upon which detrimental reliance could occur.

The case at bar is distinguishable from *Hinson* and *Hayes*. In *Hinson*, the Court set out factors to be considered in determining the existence of an implied contract for permanent employment or tenured job security. *Hinson at 554-555.* Plaintiff in this matter is not claiming Defendant promised him permanent job security, but rather Plaintiff rejected other job offers because Defendant made oral assurances and took affirmative steps to induce Plaintiff into not terminating his employment when he had other viable job opportunities he could have accepted.

The detrimental reliance upon an implied contract is actionable where the oral assurances or promises are definite and can reasonably and justifiably be relied upon by the employee. *Hayes at 783*[1] Plaintiff's issue in this matter is the opposite of *Hinson* and *Hayes*. Here, Plaintiff was prevented from accepting other employment in reasonable and justifiable reliance on Defendant's oral assurances and affirmative steps indicating that Defendant would not terminate Plaintiff's employment based on OPPRS' demand Plaintiff be terminated because he was over the age of 45 and ineligible to participate in the pension plan. These oral assurances were very specific and

definite and cannot be characterized as vague assurances of permanent or indefinite employment. Plaintiff gave up another job offer in reliance on Defendant's assurances that he would not be terminated pursuant to OPPRS' demands. Therefore, Plaintiff's reliance was reasonable and justifiable on the implied contract by Defendant that he would not be terminated under the circumstances at that time.

B. **The Determination of Outrageous Conduct under an Intentional Infliction of Emotional Distress Theory on These Facts is a Matter for the Jury to Decide**

Defendant attempts to presuppose summary judgment by arguing that Plaintiff cannot make a showing of outrageous conduct sufficient to state a claim for Intentional Infliction of Emotional Distress. In *Computer Publications Inc. v. Alysia Beth Welton v. Cameron Paige, Third Party Defendant*, 2002 OK 50, 49 P.3d 732, the Court held that in a claim for intentional infliction of emotional distress, where reasonable persons may differ, "it is for the jury, subject to the control of the court, to determine whether the conduct in any given case has been significantly extreme and outrageous to result in liability." *Id.*

The outrageousness of the conduct here is that the Defendant employed Plaintiff in full knowledge of OPPRS' prohibition against the participation of police officers employed with a participating law enforcement municipality for the first time and over the age of 45. Plaintiff was 52 years old when hired by Defendant. Defendant knowingly and intentionally concealed from Plaintiff OPPRS' prohibition against his participation in its pension plan and the likelihood that the OPPRS would protest his employment due to his age and that said protest may require Defendant to terminate Plaintiff's employment. Worse yet, when OPPRS voiced its protest against Plaintiff's employment, Defendant made multiple oral assurances to Plaintiff to further induce Plaintiff to reject other job offers during the time OPPRS was demanding Plaintiff's termination. When Defendant

---

[1] The facts as pled in the Amended Complaint are sufficient to establish the existence of an implied contract upon which Plaintiff detrimentally relied.

should have encouraged Plaintiff to accept other job offers given the circumstances at the time, Defendant instead discouraged Plaintiff from accepting other job offers by assuring Plaintiff that he would not be terminated pursuant to OPPRS' demands.

Plaintiff was not a minimum wage worker. Plaintiff is a seasoned law enforcement professional with extensive experience, a status that commands a substantial salary. Such jobs are not readily available and require months and sometimes years of searching before the right job at the right salary level comes available. Plaintiff could not afford to suddenly lose his job without another source of income to replace the lost income. Plaintiff had an opportunity to accept a job with another law enforcement agency but was induced to reject the job offer on the assurance that Defendant would not terminate him under the circumstances at the time. As we now know, Defendant failed to fulfill its promise to Plaintiff.

### 3. Individual Defendants Named as Parties

Plaintiff will agree to further amend the Complaint to dismiss the individual Defendants while retaining the City of Bixby as a Defendant.

**WHEREFORE** premises considered, Plaintiff prays this Court deny Defendant's Motion to deny Plaintiff's Motion for Leave to Amend the Complaint to add party defendants and claims and respectfully requests this Court grant Plaintiff's Motion to Amend the Complaint to add party defendants and claims as stated in the Motion for Leave.

Respectfully submitted,

THE LAW OFFICE OF
DWAIN SHAW, PLLC

DWAIN SHAW, OBA# 19936
507 S. Main St., Suite 405
Tulsa, Oklahoma 74103
(918) 392-5292 (Office)
(918) 477-2985 (Fax)
Attorney for Plaintiff, John Lawrence

## CERTIFICATE OF MAILING

I hereby certify that on the __31__ day of May, 2007, a true and correct copy of the foregoing was mailed with proper postage thereon prepaid to:

**ELLER AND DETRICH**
**A Professional Corporation**

JAMES C. HODGES
SHANNAN PINKHAM PASSLEY
REBECCA WOOD HUNTER
2727 East 21st Street
Suite 200, Midway Building
Tulsa, Oklahoma 74114
(918) 747-8900
(918) 747-2665 -fax
Attorneys for Defendant, City of Bixby