UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-0661-CVE-PJC |
| | ) | |
| CITY OF BIXBY POLICE DEPARTMENT, | ) | |
| ANTHONY STEPHENS, MICKY WEBB, | ) | |
| MIKE WEBSTER, CITY OF BIXBY, | ) | |
| JOHN DOE 1, and JOHN DOE 2, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion for Leave of Court to File an Amended Complaint to Add Parties and Additional Claims (Dkt. # 23). Plaintiff requests leave of court to amend his complaint to add the Oklahoma Police Pension and Retirement System ("OPPRS") and the City of Bixby[1] ("the City") as parties, and he also seeks to add claims for detrimental reliance, intentional infliction of emotional distress, and tortious interference with contract. Defendants partially oppose plaintiff's motion to amend on the basis that several of plaintiff's proposed amendments would be futile.

**I.**

Plaintiff John Lawrence applied for a position as a deputy chief of police with the City of Bixby Police Department ("Police Department"). Lawrence interviewed for the position three times during the Spring of 2005 and he was hired as a deputy chief of police. After passing the necessary

---

[1]    The City is already a party to this action and plaintiff does not need to amend his complaint to add the City as a party. See Docket Sheet.

written and firearm examinations to become certified as a police officer in Oklahoma, plaintiff began his employment on May 23, 2005. On February 13, 2006, plaintiff alleges that OPPRS sent a letter to the chief of police, Anthony Stephens ("Stephens"), stating that any new police officer hired must be a member of OPPRS and must also be between 21 and 45 years old. The letter stated that plaintiff was more than 45 years old when he was hired by the Police Department, and he was ineligible for membership in OPPRS. According to plaintiff, OPPRS demanded that the Police Department terminate plaintiff's employment or reduce him to part-time status. The City argued to OPPRS that plaintiff served in an administrative role to the chief of police, and he should be considered exempt from the age requirement.

On May 9, 2006, OPPRS sent another letter to the chief of police inquiring why plaintiff's employment had not been terminated, because there was no dispute that plaintiff was ineligible for membership in OPPRS. After further communication between the City and OPPRS, the City authorized the Police Department to terminate plaintiff's employment, because plaintiff was more than 45 years old. Plaintiff filed this lawsuit against the Police Department, Stephens, the City, Micky Webb, city manager, and Mike Webster, assistant city manager, alleging discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 et seq. ("ADEA"). He seeks to amend his complaint to add OPPRS as a defendant, and he also requests leave of court to add claims for detrimental reliance, intentional infliction of emotional distress, and tortious interference with contract. Defendants partially oppose plaintiff's motion to amend on three specific grounds: (1) Oklahoma does not recognize a claim for detrimental reliance; (2) plaintiff has not alleged sufficient facts to support a claim for intentional infliction of emotional distress; and (3) the

individual defendants are not proper parties.[2] Defendants do not oppose plaintiff's request to add a claim for tortious interference against OPPRS.

## II.

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend a pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." However, the court may deny a motion to amend if it finds any "apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). The court may deny a motion to amend if the proposed amendment would be futile, meaning that it could not survive a motion to dismiss. E.Sprire Communications Inc. v. New Mexico Public Regulation Commission, 392 F.3d 1204, 1211 (10th Cir. 2004); Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004); Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992).

## III.

Defendants argue that detrimental reliance is not an independent claim under Oklahoma law but, rather, simply a factor a court can consider in a claim for breach of implied contract. Plaintiff responds that the Oklahoma Supreme Court has used language suggesting that detrimental reliance is an independent basis for relief. Both parties rely on Hinson v. Cameron, 742 P.2d 549 (1987), and Hayes v. Eateries, Inc., 905 P.2d 778 (1995), to support their arguments.

---

[2] Plaintiff has agreed to dismiss the individual defendants, and this part of defendant's objection is moot. See Dkt. # 25, at 4 ("Plaintiff will agree to further amend the Complaint to dismiss the individual Defendants while retaining the City of Bixby as a Defendant.").

3

The Oklahoma Supreme Court has recognized a claim for breach of implied contract in the employment setting. Hinson, 742 P.2d at 555. In Hinson, the court identified several factors that are frequently used to determine if an at-will employment contract should be construed to contain a promise of permanent employment. Id. at 554-55. One of these factors is "detrimental reliance on oral assurances [made by the employer]." In a concurring opinion, Justice Kauger suggested that "[e]mployers may be accountable for the promises they make, and the policies they adopt, when those promises and policies induce employee reliance or form part of a contract." Id. at 560 (Kauger, J., concurring). In this case, plaintiff relies heavily on Justice Kauger's concurrence to show that Oklahoma recognizes a claim for detrimental reliance. However, the majority opinion in Hinson does not adopt detrimental reliance as an independent basis for relief, but merely suggests that other courts have found that detrimental reliance can sometimes create an implied contract of permanent employment.[3] See Id. at 555 n.20.

Likewise, Hayes does not recognize a cause of action for detrimental reliance, but simply states that detrimental reliance is a factor an employee should allege in a claim for breach of implied contract. Hayes, 905 P.2d at 782. In both Hinson and Hayes, the Oklahoma Supreme Court found that vague assurances by the employer were insufficient to support a claim for breach of implied contract under Oklahoma law, but neither case creates a cause of action for detrimental reliance. In addition, Hayes and Hinson are consistent with other Oklahoma cases discussing detrimental reliance in the employment setting. See Gabler v. Holder & Smith, Inc., 11 P.3d 1269, 1276 (Okla. Civ. App. 2000) (employee must submit sufficient facts to prove detrimental reliance to prevail on

---

[3]  Subsequent case law on this issue confirms that Justice Kauger's concurrence has not been adopted by the Oklahoma Supreme Court.

4

a claim for breach of implied contract); Beck v. Phillips Colleges, Inc., 883 P.2d 1283, 1285 (Okla. 1994) (detrimental reliance on oral assurance can be a "critical" factor when determining the existence of an implied contract of permanent employment). It is clear the detrimental reliance is not an independent basis for relief under Oklahoma law, but reliance is simply an element to prove a separate claim for breach of implied contract. Therefore, the Court will consider whether plaintiff's allegations support a claim for breach of implied contract.

The Court finds that plaintiff has not stated a claim for breach of implied contract, and permitting plaintiff to amend his complaint to include such a claim would be futile. To prevail, plaintiff must allege that his employer made guarantees of continued employment that placed substantive restrictions on the employer's right to terminate him. Hayes, 905 P.2d at 783. A claim for breach of implied contract must be dismissed as a matter of law if the employer's alleged promises were nothing more than vague assurances. Bowen v. Income Producing Management of Oklahoma, Inc., 202 F.3d 1282, 1284 (10th Cir. 2000). Considering plaintiff's proposed amended complaint, the Court finds no allegation that his employer, the Police Department, made any promise of permanent employment. Plaintiff alleges that he turned down other jobs before accepting a position with the Police Department. He admits that the Police Department did not promise him permanent job security, but claims that he "rejected other job offers because [the Police Department] made oral assurances and took affirmative steps to induce Plaintiff into not terminating his employment when he had other viable job opportunities he could have accepted." Dkt. # 25, at 2.

These allegations are insufficient to state a claim for breach of implied contract under Oklahoma law. As previously discussed, detrimental reliance is not an independent basis for recovery but, in some circumstances, can provide support for a claim that an at-will employment

5

contract should be treated as a permanent employment contract. Vice v. Conoco, Inc., 150 F.3d 1286, 1289 (10th Cir. 1998) ("Oklahoma recognizes that an implied contract can convert an at-will employment relationship to one of permanent employment or tenured job security."). It is clear that Oklahoma law does not recognize a claim solely for detrimental reliance, and plaintiff's proposed amended complaint does not allege sufficient facts to support a claim for breach of implied contract. Therefore, plaintiff's motion to amend his complaint to add a claim for detrimental reliance is denied.

## IV.

Plaintiff also seeks to amend his complaint to include a claim for intentional infliction of emotional distress. Defendants argue that plaintiff's proposed amended complaint does not allege that defendants engaged in extreme and outrageous conduct, a necessary element of a claim for intentional infliction of emotional distress. Oklahoma recognizes a tort claim for intentional infliction of emotional distress and, to state a claim, the plaintiff must allege the following four elements: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Computer Publications, Inc. v. Welton, 49 P.3d 732, 735 (Okla. 2002). The trial court has the initial responsibility to assess whether defendant's conduct was so extreme and outrageous that it would support liability for intentional infliction of emotional distress. Eddy v. Brown, 715 P.2d 74, 76 (Okla. 1986). "Conduct which, though unreasonable, is neither 'beyond all possible bounds of decency' in the setting in which it occurred, nor is one that can be 'regarded as utterly intolerable in a civilized community' falls short of having actionable quality." Gaylord Entertainment Co. v. Thompson, 958 P.2d 128, 149 (Okla. 1998).

Plaintiff asserts that defendants engaged in extreme and outrageous conduct when they advised plaintiff that his job was secure, even though OPPRS had demanded that the Police Department terminate plaintiff because of his age.  Defendants claim that they were simply following the law when plaintiff was terminated, because plaintiff was ineligible for continued employment with the police department by Oklahoma statute.   The facts, as stated in plaintiff's proposed amended complaint, show that plaintiff was hired on May 23, 2005, but OPPRS did not notify the Police Department of a potential problem until February 13, 2006.  Taking plaintiff's allegations as true, it appears that the Police Department attempted to find an exemption from the age requirement so that plaintiff could keep his job, but the Police Department was unsuccessful.  Plaintiff was terminated on May 17, 2006, based solely on his ineligibility for membership in OPPRS.  The basis for plaintiff's proposed claim for intentional infliction of emotional distress it that the chief of police and other City employees made statements implying that plaintiff would be able to keep his job, and plaintiff claims that this was merely a charade to induce plaintiff to turn down other jobs for which he was eligible.

The Court finds that, as a matter of law, plaintiff has no possibility of succeeding on his claim for intentional infliction of emotional distress.  <u>Ishmael v. Andrew</u>, 137 P.3d 1271, 1277 (Okla. Civ. App. 2006) ("As a threshold matter, courts should determine whether the conduct at issue is sufficient under the extreme and outrageous standard as a matter of law.").  Plaintiff alleges that defendants' conduct was extreme and outrageous for two reason: (1) the Police Department hired plaintiff as a deputy chief of police when it knew that plaintiff was ineligible for employment due to his age; and (2) defendants continued to assure plaintiff that his job was secure even after OPPRS directed the Police Department to terminate plaintiff.  Even assuming that defendants

intentionally and recklessly assured plaintiff his job was secure, there is no basis to conclude that defendants engaged in extreme and outrageous conduct. In this case, defendants acted in good faith when they assured plaintiff that they would seek an exemption to permit plaintiff to retain his employment with the Police Department. Plaintiff does not allege that defendants actively prevented plaintiff from seeking other employment, but merely that defendants' conduct discouraged him from accepting a position with another police department. See Beck, 883 P.2d at 1286 (plaintiff could not maintain claim for intentional infliction of emotional distress when he failed to show that his discharge was wrongful or that defendant's conduct created an implied contract for permanent employment). Based on the allegations of plaintiff's proposed amended complaint, the Court does not find that defendants's actions were utterly intolerable in a civilized society or beyond all possible bounds of decency. Thompson v. State Farm Fire & Cas. Co., 34 F.3d 932, 942 (10th Cir. 1994). Therefore, the Court will not allow plaintiff to amend his complaint to add a claim for intentional infliction of emotional distress.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave of Court to File an Amended Complaint to Add Parties and Additional Claims (Dkt. # 23) is **granted in part** and **denied in part**; plaintiff's motion is granted to the extent that he seeks to amend his complaint to add OPPRS as a party and to add a claim for tortious interference with contract against OPPRS; plaintiff's motion is denied in all other respects. **The amended complaint shall be filed no later than June 12, 2007.**

**DATED** this 7th day of June, 2007.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE